NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| PAUL TSAKONAS, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 04-CV-4973 (DMC) |
| WARDEN EDMOND CHICCI, individually and as Warden at MIDDLESEX COUNTY CORRECTION CENTER, et al., | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Plaintiff Paul Tsakonas' ("Plaintiff") motion for reconsideration of the Court's order dated August 7, 2007 denying Plaintiff's motion to strike and granting Defendants' Warden Edmond Chicci ("Chicci"), Middlesex County ("Middlesex"), Middlesex County Adult Correction Center ("MCACC"), Probation Officer Maria M. McQuay ("McQuay"), Probation Officer Kathie DeFuria ("DeFuria"), Dr. Hugh Moore ("Moore") and Sandra Vargas, RN ("Vargas," and collectively "Defendants") motions for summary judgment. After carefully considering Plaintiff's submissions and based upon the following, it is the finding of this Court that Plaintiff's motion is **denied**.

**I.    BACKGROUND**

The factual and procedural background of this case are contained in this Court's August 7,

2007 Opinion and are incorporated herein by reference.

## II.  STANDARD OF REVIEW

Motions for reconsideration in this District are governed by Local Civil Rule 7.1(g).  See U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  A motion pursuant to Local Rule 7.1(g) may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. See Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F.Supp. 1216, 1220 (D.N.J. 1993).  Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J. 1996).

## III.  DISCUSSION

Plaintiff has not demonstrated to the Court that (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.

Plaintiff's assertion that the Court improperly applied the summary judgment standard is not the proper subject of a motion for reconsideration. Plaintiff's motion fails to introduce any new matter or controlling authority that was overlooked or previously unavailable to this Court. Plaintiff seeks a second bite at the apple by articulating the same arguments that failed to effectively prevail against Defendants' summary judgment motions.

Plaintiff also argues that this Court failed to credit his factual allegations and, therefore, erred. This assertion, however, is both unsupported by the record and insulting to the integrity of this Court. The Court painstakingly reviewed all of the facts presented by all parties in a light

most favorable to Plaintiff as the non-moving party. Plaintiff claims that facts supplied in his opposition brief were not considered by the Court. The statements referenced by Plaintiff, however, were included in his original papers and were undoubtedly considered by the Court. When ruling on the motions, the Court had complete statements of fact prepared by all parties to the litigation. Plaintiff, the non-moving party, was given every possible favorable inference for the summary judgment motion. Therefore, there is no basis for Plaintiff's claim that this Court "overlooked" facts in deciding the summary judgment motion. Plaintiff has presented no new facts or dispositive case law that would change the outcome of the underlying motions. Plaintiff merely disagrees with the outcome of the motions, but "mere disagreement with a decision of the District Court should normally be raised through the appellate process and is inappropriate on a motion for reargument." Bowers v. NCAA, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). As such, Plaintiff's motion for reconsideration is **denied**.

### IV.    CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff's motion for reconsideration is **denied**.  An appropriate Order accompanies this Opinion.

    S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:            September   20 , 2007
Original:       Clerk's Office
Cc:              All Counsel of Record
                    The Honorable Mark Falk, U.S.M.J.
                    File